# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CARROLL WENDELL BARKER,**

    **Plaintiff,**

v.                         **CIVIL ACTION NO.:** 3:20-cv-00233
                                **HONORABLE:** _____

**MICHAEL A. MEADOR, and**
**MJS TRANSPORTATION INC.,**

    **Defendants.**

## COMPLAINT

NOW COMES the Plaintiff, Carroll Wendell Barker, by and through his counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for his Complaint.

1. This is an action for personal injury damages arising out of a collision ("the collision") that occurred on October 3, 2018, at approximately 10:39 a.m., involving a tractor and trailer operated by Michael A. Meador and a vehicle operated by Carroll Wendell Barker.

2. The collision occurred at the intersection of Washington Avenue and 14th Street West, in Cabell County, West Virginia.

3. At the time of the collision, it was light outside.

4. At the time of the collision, the roads were dry.

5. At the time of the collision, Defendant Meador was hauling a trailer which was loaded with steel.

### Parties, Jurisdiction and Venue

6. As a direct and proximate result of the collision, Carroll Wendell Barker suffered injuries.

7. Defendant MJS Transportation Inc. ("Defendant MJS") is an interstate motor carrier incorporated in a state other than West Virginia, with its principal place of business in the State of Indiana.

8. Defendant MJS is registered with the U.S. Department of Transportation under U.S. D.O.T. Number 1083006.

9. Defendant MJS may be served with process through its registered agent for service of process: Gary Huey, 1703 Woodvale Road, Charleston, WV (25314).

10. Defendant MJS is subject to the jurisdiction and venue of this Court.

11. Defendant Michael A. Meador ("Defendant Meador") was the driver of the tractor-trailer operated by Defendant MJS and involved in the collision.

12. Defendant Meador is a citizen of the State of Indiana and may be served with process at: 6721 Jackson Street, Anderson, IN (46013).

13. Defendant Meador is subject to the jurisdiction and venue of this Court.

14. Venue is proper under 28 U.S.C. § 1391, as the events and occurrences made the basis of this action occurred in whole or in part in Cabell County, West Virginia.

15. Complete diversity exists, as Plaintiff and Defendants are citizens of different states and the amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000. Accordingly, this Court has jurisdiction over the parties and subject matter of this action, pursuant to 28 U.S.C. § 1332.

## General Facts

16. Plaintiff incorporates, by reference, all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

17.     On the morning of October 3, 2018, Defendant Meador held a commercial driver's license ("CDL") issued by the State of Indiana.

18.     On the morning of October 3, 2018, Defendant Meador was operating his tractor and pulling a trailer ("tractor-trailer").

19.     On the morning of October 3, 2018, Defendant Meador was operating his tractor-trailer under dispatch for Defendant MJS.

20.     On the morning of October 3, 2018, Defendant Meador was operating his tractor-trailer as an employee and/or agent of Defendant MJS.

21.     On the morning of October 3, 2018, at approximately 10:39 a.m., Carroll Wendell Barker was driving west on Washington Avenue.

22.     At the same time, Defendant Meador was driving a tractor-trailer and headed west on Washington Avenue, behind Carroll Wendell Barker.

23.     As Carroll Wendell Barker approached 14th Street, he engaged his left turn signal.

24.     As Carroll Wendell Barker approached 14th Street, he slowed his vehicle.

25.     Defendant Meador then crashed into Carroll Wendell Barker's vehicle as Mr. Barker was attempting to make his turn.

26.     Defendants MJS and Meador are responsible for causing the collision.

27.     Defendants MJS and Meador accept responsibility for causing the collision.

28.     Defendants MJS and Meador accept responsibility for all damages directly and proximately caused by the collision.

29. As a direct and proximate result of Defendants MJS and Meador's negligence, Carroll Wendell Barker suffered injuries to his body for which he has and will continue to experience and/or incur:

    (a)    medical expenses;

    (b)    pain and suffering;

    (c)    annoyance and inconvenience;

    (d)    diminished capacity to enjoy life;

    (e)    physical limitations; and

    (f)    other consequences and damages associated with his injuries as may be specified as this action proceeds.

### Count I - Negligence and Negligence Per Se of Meador

30. Plaintiff incorporates, by reference, all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

31. At all relevant times, Defendant Meador owed certain duties to members of the public, including the Plaintiff.

32. In addition to those instances of negligence set forth elsewhere in this Complaint, Defendant Meador was negligent in at least the following specific ways:

    (a)    Failing to maintain a proper lookout;

    (b)    Driving too fast for conditions;

    (c)    Failing to keep his vehicle under control;

    (d)    Failing to abide by the basic rules of the road;

    (e)    Driving his vehicle in reckless disregard for the safety of other people on the road;

    (f)    Failing to exercise due care;

    (g)    Failing to drive defensively;

    (h)    Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

    (i)    Failing to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

    (j)    Failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the collision; and/or

    (k)    Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

33.    At the time of the collision, Defendant Meador was operating a commerical motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

34.    At the time of the collision, Defendant Meador was also subject to the laws of the State of West Virginia governing the operation of interstate commercial motor vehicles on West Virginia's public roadways.

35.    Defendant Meador was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

36.    Defendant Meador's negligent conduct proximately caused the collision.

37.    As a direct and proximate cause of Defendant Meador's negligent conduct, Carroll Wendell Barker suffered injuries and damages.

38.    By virtue of Defendant Meador's negligent conduct, Defendant Meador is liable to Plaintiff for all damages allowed under the law and as set forth more fully in this Complaint.

## Count II - MJS Transportation Inc.'s Liability for the Negligence of Meador

39. Plaintiff incorporates, by reference, all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

40. Defendant MJS owned the tractor and trailer driven by Defendant Meador at the time of the collision.

41. At the time of the collision, Defendant Meador was employed by Defendant MJS as a commercial motor vehicle driver.

42. At the time of the collision, Defendant Meador was under lease to Defendant MJS as a commercial motor vehicle driver.

43. At the time of the collision, Defendant Meador was acting as an agent of Defendant MJS.

44. At the time of the collision, Defendant Meador was driving a tractor-trailer under dispatch for Defendant MJS.

45. At the time of the collision, Defendant Meador was a permissive user of the tractor-trailer involved in the collision.

46. At the time of the collision, Defendant Meador was acting within the course and scope of his employment or agency with Defendant MJS.

47. Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant MJS is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Meador.

48. By virtue of imputed liability, Defendant MJS is liable to Plaintiff for all damages allowed under the law.

WHEREFORE, Plaintiff, Carroll Wendell Barker, requests that he be awarded judgment against the Defendants, Michael A. Meador and MJS Transportation Inc., for the following:

    (a)    compensatory damages, in an amount to be determined by a jury;

    (b)    punitive damages, to the extent that the Defendants' conduct warrants such damages;

    (c)    pre and post judgment interest, as allowed by law;

    (d)    attorneys' fees, costs and expenses incurred in this action; and

    (e)    such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**CARROLL WENDELL BARKER,**

**Plaintiff,**

**By Counsel:**

s/Kelsi R. Nelson
ROBERT D. CLINE (W. Va. State Bar No. 755)
ROBERT A. CAMPBELL (W. Va. State Bar No. 6052)
R. CHAD DUFFIELD (W.Va. State Bar No. 9583)
KELSI R. NELSON (W.Va. State Bar No. 13239)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990