IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CARROLL WENDELL BARKER,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:20-0233

MICHAEL A. MEADOR and
MJS TRANSPORTATION, INC.,

        Defendants.

**ORDER**

Pending is "Defendants' Motion to Dismiss, for More Definite Statement and to Strike." ECF No. 10. For the reasoning provided herein, the Court **DENIES** the Motion.

**I.   BACKGROUND**

Plaintiff Carroll Wendell Barker alleges the following. On October 3, 2018, at approximately 10:39 AM, Plaintiff was involved in a collision with a tractor-trailer operated by Defendant Michael A. Meador. Compl. ¶ 1, ECF No.1.

The collision occurred when Plaintiff and Defendant Meador were both driving on Washington Avenue in Huntington, West Virginia. *Id.* at ¶ 2. Plaintiff Barker claims he had engaged his turn signal and slowed his vehicle to make a left turn when Defendant Meador crashed into Plaintiff's vehicle. *Id.* at ¶¶ 23–25. Defendant Meador's vehicle was hauling a trailer loaded with steel. *Id.* at ¶ 5. As a result of the collision, Plaintiff suffered bodily injury. *Id.* at ¶ 29.

Plaintiff maintains that the collision occurred during the daytime when the roads were dry. *Id.* at ¶¶ 2–4.  At the time of the collision, Defendant Meador had a valid commercial driver's

license issued by the state of Indiana and was operating the tractor-trailer "as an employee and/or agent of Defendant MJS." *Id.* at ¶¶ 17, 21.

Plaintiff filed the instant action claiming (1) that Defendant Meador was negligent and negligent *per se* and (2) that Defendant MSJ Transportation, Inc. is vicariously liable for Defendant Meador's negligence. *Id.* at ¶¶ 30–48. Plaintiff is seeking compensatory damages; punitive damages; pre- and post-judgment interest; and attorneys' fees, costs, and expenses.

Defendants' pending motion seeks to dismiss Plaintiff's claim for punitive damages pursuant to Federal Rule of Procedure 12(b)(6), asserting that Plaintiff has pleaded insufficient factual support for such damages. Mot. ¶¶ 13–18, ECF. No. 10. Additionally, Defendants have moved pursuant to Rule 12(e) for a more definite statement. Specifically, Defendants state that Plaintiff's allegations are "vague and ambiguous," in a way that would prejudice the Defendants, leaving them "exposed to any number of attacks under any number of theories of negligence." *Id*. at ¶¶ 21–25. Finally, Defendants have moved to strike from Plaintiff's complaint allegations that Defendant Meador failed "to adhere to safe driving principles expected of professional truck drivers" and "failed to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry." *Id*. at ¶¶ 32–41.

## II. DISCUSSION

### A. Motion to Dismiss

To survive a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id.*

The Defendants have moved to dismiss Plaintiff's claim for punitive damages. Mot. ¶¶ 9–18. West Virginia law provides that punitive damages are only permissible where "a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a). The kind of recklessness that must be shown to justify punitive damages is

> [r]eckless indifference to the consequences of an act or omission, where the party acting or failing to act is conscious of his conduct and, without any actual intent to injure, is aware, from his knowledge of existing circumstances and conditions, that his conduct will inevitably or probably result in injury to another.

*Stephens v. Rakes*, 775 S.E.2d 107, 108 (W. Va. 2015) (quoting *Stone v. Rudolph*, 32 S.E.2d 742, 748 (W. Va. 1944)); *Lawson Heirs Inc. v. Skyway Towers, LLC*, No. 2:17-CV-2198, 2018 WL 3381411 (S.D.W. Va. July 11, 2018).

Defendants assert that Plaintiff's only allegation supporting his claim for punitive damages is that Defendant Meador acted "in reckless disregard for the safety of other people on the road." Mot. ¶ 14 (quoting Compl. ¶ 32(e)). Plaintiff, on the other hand, points to many facts that support a claim for punitive damages. Defendant Meador, while driving a tractor-trailer loaded with steel down a residential street, allegedly failed to maintain a lookout, drove too fast, and lost control of his vehicle. Compl. ¶¶ 1, 5, 21, 32. These facts are sufficient to support a plausible claim that Defendant Meador consciously disregarded that his conduct would "probably result in injury to another." *Stephens*, 775 S.E.2d at 108; *see Harris v. Kenan Advantage Group, Inc.*, No. 2:18-cv-01264, 2018 WL 6182693, at *2–3 (S.D.W. Va. Nov. 27, 2018) (allowing claim for punitive

damages where the plaintiff alleged that the defendant tractor-trailer driver struck the plaintiff's vehicle after failing to stop at a red light); *Hartung v. Yelverton*, No. 2:13-cv-4178, 2013 WL 2484517, at *3 (S.D.W. Va. June 10, 2013) (finding plausible claim for punitive damages when plaintiff alleged that a tractor-trailer driver drove with an overloaded trailer causing him to drive below the minimum speed limit on the interstate). Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's claim for punitive damages.

**B. Motion for More Definite Statement**

Pursuant to Federal Rule of Procedure 12(e), a party can move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule is intended as a remedy for situations where a pleading fails to provide the defendant of sufficient notice of the allegations against him. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Such motions are within the Court's discretion but are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail[.]" *Tilley v. Allstate Ins. Co.*, 40 F. Supp. 2d 809, 814 (S.D.W. Va. 1999). "Where a party has enough information to frame an adequate answer, a court should deny the Rule 12(e) motion and avoid delay in maturing the case." *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005).

In Count One of his Complaint, Plaintiff alleges that Defendant Meador is liable for negligence and negligence *per se*. Compl. ¶¶ 30–38. Specifically, he alleges that Defendant Meador "owed certain duties to members of the public" and was negligent "in at least the following specific ways":

      a) Failing to maintain a proper lookout;
      b) Driving too fast for conditions;
      c) Failing to keep his vehicle under control;
      d) Failing to abide by the basic rules of the road;

  e) Driving his vehicle in reckless disregard for the safety of other people on the road;
  f) Failing to exercise due care;
  g) Failing to drive defensively;
  h) Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;
  i) Failing to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;
  j) Failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the collision; and/or
  k) Otherwise failing to use that degree of care and causation that a reasonable and prudent person would have exercised under the same or similar circumstances.

Compl. ¶¶ 31–32. Additionally, Plaintiff alleges that "Defendant Meador was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia." *Id*. at ¶ 35.

  Defendants suggest that a more definite statement is needed because Plaintiff's allegations are "vague and ambiguous." Mot. ¶ 21. They argue that "Plaintiff's broad allegations" leave the Defendants "to guess at how the Plaintiff believes the Defendants were negligent or negligent *per se*." *Id.* at ¶ 24. Plaintiff's Complaint need not contain every fact, or every piece of evidence, available. So long as the pleading requirements "are satisfied and the opposing party is fairly notified of the nature of the claim" a motion for more definite statement is inapt. *Robinette v. Griffith*, 483 F. Supp. 28, 36 (W.D. Va. 1979); *Tilley*, 40 F. Supp. 2d at 814.

  Plaintiff's statement that Defendant Meador "violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the law and regulations of West Virginia," is not so vague that it leaves the Defendants guessing about how the Plaintiff believes they were negligent, nor is it so unintelligible or incomplete that they are unable write an answer. *See Doe*, 367 F. Supp. 2d at 917. The Complaint has sufficiently notified the Defendants that Defendant Meador, a licensed commercial driver, was involved in car accident while hauling a

tractor-trailer full of steel for Defendant MJS Transportation. Compl. 1, 5, 17–25, 42–46. Plaintiff alleges that Defendant Meador caused that accident by driving too fast, failing to maintain a look out, losing control of his vehicle, and otherwise failing to drive in a reasonably prudent manner. *See id.* at ¶¶ 32, 36. While multiple statutes and regulations may be applicable, Plaintiff's Complaint gives the Defendants sufficient notice as to which laws were violated—the motor vehicle and traffic laws applicable to negligence claimed.[1]

Accordingly, the Court finds that Plaintiff has plead sufficient evidence to place the Defendants on notice of the nature his negligence claim. Defendants' motion for a more definite statement is denied.

## C. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a district court, on motion or on its own, to remove material from a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Motions to strike are a drastic remedy, often used by the movant as a dilatory tactic, and are therefore disfavored and infrequently granted. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, at 647 (2d ed.1990)); *see also Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) (citing *First Fin. Sav. Bank v. Am. Bankers Ins. Co.*, 783 F.Supp. 963,

---

[1] Notably, West Virginia does not recognize "negligence *per se*" as a separate tort. *See Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-CV-00894, 2020 WL 5047131 (S.D.W. Va. Aug. 26, 2020); *Waugh v. Traxler*, 412 S.E.2d 756, 759 (W. Va. 1991). Under West Virginia law, "the violation of a statute is *prima facie* negligence and not negligence *per se*." *Spurlin v. Nardo*, 114 S.E.2d 913, 918 (W. Va. 1960). "A prima facie case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries[.]" *Gillingham v. Stephenson*, 551 S.E.2d 663, 668 (W. Va. 2001) (quoting Syllabus point 6 of *Morris v. City of Wheeling*, 82 S.E.2d 536 (W. Va. 1954)). If West Virginia recognized a separate tort of negligence *per se*, Plaintiff would be likely required to enumerate the alleged statutory violations. *See, e.g.*, *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2011 WL 4575696 at *10 (E.D. La. Sept. 30, 2011), *as amended* (Oct. 4, 2011) (noting that in order to state a plausible negligence *per se* claim, plaintiffs must "give notice to Defendants of which regulations are claimed to be violated"). In this instance, however, sufficient facts are alleged to place the Defendants on notice of the claims against them.

966 (E.D.N.C. 1991); *United States v. Fairchild Indus. Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991)). Thus, to prevail on a motion to strike, the movant must show that the challenged material "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." 2 *Moore's Federal Practice* § 12.37; *see also Clark*, 152 F.R.D. at 70 (citations omitted). When analyzing a motion to strike, courts "view the pleading under attack in the light most favorable to the pleader." *M.T. ex rel. Hayes v. Medley*, No. 14-CV-0424, 2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014).

In the instant motion, the Defendants seek to strike Plaintiff's statements that Defendant Meador failed "to adhere to safe driving principles expected of professional truck drivers," and that Defendant Meador failed "to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry." Mot. ¶¶ 32–41 (quoting Compl. ¶ 32(g), (i)). Specifically, Defendants claim that Plaintiff's allegations are misleading and without a basis in law because there is no recognized heightened standard for professional truck drivers. *Id.* at ¶ 33. Moreover, Defendants claim that Plaintiff's references to "safe driving principles" and "generally accepted safety principles and practices, are immaterial and impertinent to the Plaintiff's case and have no basis in the law." *Id.* at ¶¶ 36–37.

Given that motions to strike are drastic remedy and that Plaintiff's statements are not without relevance, the Court denies the motion. "A longstanding premise of the law of [West Virginia] is that '[n]egligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstance of time, place, manner, or person.'" *Setser v. Browning*, 590 S.E.2d 697, 508 (W. Va. 2003) (quoting Syllabus Point 1 of *Dicken v. Liverpool Salt & Coal Co.*, 23 S.E. 582 (W. Va. 1895)). The particular duty

owed is that of an "ordinary man in the defendant's position, knowing what he knew or should have known." *Sewell v. Gregory*, 371 S.E.2d 82 (1988).

Here, the duty Defendant Meador owed Plaintiff is certainly informed by the fact that he was a licensed commercial truck driver driving a tractor-trailer. Accordingly, allegations that he failed to conform to the "safe driving principles expected of professional truck drivers" and "to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry," are not "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f).

Although Defendants allege inclusion of the phrases "safe driving principles" and "generally accepted safety principles and practices" are "immaterial and impertinent," they cite no authority to support their claim. *See* Mot. ¶¶ 36–41; Reply 4, ECF No. 16. While these phrases lack specificity, they are not so immaterial or impertinent that the Court should take the drastic measure of striking them from the Complaint.

### III. CONCLUSION

For the foregoing reasons, Defendants' "Motion to Dismiss, for More Definite Statement and to Strike," is **DENIED**. ECF No. 10. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    March 5, 2021

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE